WR-10,359-34    10,359-34

EX PARTE

JERRY WAYNE RUMPH

RECEIVED IN COURT OF CRIMINAL
COURT OF CRIMINAL APPEALS
JAN 12 2015 APPEALS OF TEXAS

Abel Acosta, Clerk

MOTION DISMISSED
DATE: 1-16-15
BY: PC

## MOTION FOR RECONSIDERATION OF PETITIONER'S APPLICATION FOR 11.07 WRIT OF HABEAS CORPUS

TO COURT OF CRIMINAL APPEALS OF TEXAS:

COMES NOW, Jerry Wayne Rumph, referred herein as the petitioner, pro se, file this his Motion for reconsideration of his application for 11.07 Writ of habeas Corpus. In support, Shows as follows:

1.

On 10.6.2014, Court of Criminal Appeals of Texas, received and presented petitioner's application for 11.07 Writ of habeas Corpus to the Court.

However, on 10.29.2014, Court of Criminal Appeals of Texas, dismissed petitioner's application for 11.07 Writ of habeas Corpus without written order, reasoning, "the Sentence has been discharged." SEE WR-10,359-34.

II.

Petitioner Challenge Court Criminal Appeals of Texas dismissal and argue that post-conviction habeas-Corpus relief is available to petitioner under Article 11.07 because petitioner has discharged his sentence and continues to suffer Collateral Consequences arising from the Conviction. TEX. CODE CRIM. PROC. ART. 11.07 3(C).

See Ex parte Alba, 256 S.W.3d 682, 695-96 (Tex. Crim. App. 2008)(Price, J, dissenting) (Concluding that, in light of the 1995 amendment, it is doubtful... that literal Confinement is even a prerequisite to post-Conviction habeas Corpus relief under Art. 11.07 anymore); Ex parte Chi, 256 S.W.3d 702, 710 (Tex. Crim. App. 2008) Price, J., dissenting) (Same); Lebo V. State, 90 S.W.3d 324, 327 n.8 (Tex. Crim. App. 2002) (Citing the amendment, noting that "the Legislature is [thus] well aware of the general use of the word 'Confinement' and perfectly capable of expanding that definition when it deems it appropriate.); Ex parte Okere, 56 S.W.3d 846, 853 (Tex. App.-Fort Worth 2001, pet. ref'd)(holding that, due to the amendment, Ex parte Renier's "in Custody" definition of Confinement' is no longer viable, even for an applicant Seeking relief under Article 11.07.); State V. Collazo, 264 S.W.3d 121, 126-27 (Tex. App.-Houston [1st Dist.] 2007, pet. ref'd)(The terms 'Confinement' and 'restrain' encompass incarceration, release on bail or bond, release on Community supervision or parole, or any other restraint on personal liberty)(Applicant was Confined because he was denied the opportunity to obtain a Texas peace-officer license).

The offense Complained of in petitioner's application for 11.07 Writ of habeas Corpus, dismissed by this Court on 10/29/2014, is, aggravated assault, an expired UnConstitutional prior Conviction, alleged for enhancement of petitioner's Current Sentence. The error therein, involves Constitutional errors that directly Calls into Question the accuracy of the determination of petitioner's Current Sentence.

### III.

This action must be Construed, without prejudice to the right of petitioner to file a application for 11.07 Writ of habeas Corpus, alleging the invalidity of petitioner's Current Sentence, a Sentence imposed at least in part or on account of the unconstitutional prior Conviction that petitioner Seeks to Challenge in his (petitioner) application for 11.07 Writ of habeas Corpus dismissed by this Court on 10 29 2014, WR-10,359,34.

It is Still open to Challenge petitioner's Current Sentence. A ground for that Challenge is the invalidity of the previous Underlying Conviction.

Therein, petitioner was Sentence to two (2) years imprisonment. The Sentence has been Served, but the Collateral Consequence of that Conviction resulted in petitioner receiving an enhanced life Sentence in a Subsequed Criminal Conviction as Well, Suffering Serious Consequences as a result of the unconstitutional prior Conviction Since it's Continue been Used by the Board of Pardon And Parole to find that petitioner is a mulit-offender and are Considering that as a fact to deny petitioner parole on petitioners Current Conviction.

Thus, petitioner is Suffering Collateral Consequences. The expired aggravated assault Sentence was use to enhance the Sentence petitioner is Currently Serving. Thus, petitioner establish he is in Custody on that Conviction.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Jerry Wayne Rumph, referred herein as the petitioner, prays this Court Consider petitioners application for 11.07 Writ of habeas Corpus in light of this Court previous Opinion in Cases Cited herein and grant petitioner relief to which law and justice require in petitioners application for 11.07 Writ of habeas Corpus filed in this Court 10/6/2014, WR-10,359-34

Respectfull Requested

Jerry Wayne Rumph
Jerry Wayne Rumph

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby Certify that the Original Copy of petitioners Motion for reconsideration of Petitioners Application for 11.07 Writ of habeas Corpus Was Mailed to Court of Criminal Appeals of Texas, P.O. Box 12308, Capitol Station, Austin, Tex. 78711, by Placing the Same in TDCJ-ID Allred Unit, prism mail box on this 4 day of January, 2015.

Jerry Wayne Kumpf
Jerry Wayne Kumpf